SO ORDERED: October 7, 2013.



_____
James M. Carr
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| MELEEKA CLARY-GHOSH, ) | Case No. 11-12876-JMC-7A |
| ) | |
| Debtor. ) | |
| _____) | |
| ) | |
| MELEEKA CLARY-GHOSH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary Proceeding No. 13-50023 |
| ) | |
| COOTS, HENKE & WHEELER, P.C. and ) | |
| MICHAEL GHOSH, ) | |
| ) | |
| Defendants. ) | |

### ENTRY ON MOTION FOR JUDGMENT ON THE PLEADINGS

This matter came before the Court on the Motion For Judgment On The Pleadings Filed By Coots, Henke & Wheeler, P.C. [("CHW")] And Michael Ghosh ("Ghosh" and together with CHW, the "Defendants") on August 6, 2013 (Docket No. 46) (the "Motion"). The Court, having

reviewed the Motion, the Memorandum In Support Of The Motion For Judgment On The Pleadings Filed By Coots, Henke & Wheeler, P.C. And Michael Ghosh on August 6, 2013 (Docket No. 47) (the "Brief"), Plaintiff's Response In Opposition To Defendants' Motion For Judgment On The Pleadings filed by Meleeka Clary-Ghosh ("Plaintiff") on August 30, 2013 (Docket No. 52) (the "Response"), the Complaint Seeking Damages And Sanctions For Violation Of 11 U.S.C. § 362 And For Sanction Under 11 U.S.C. § 105 filed by Plaintiff on January 25, 2013 (Docket No. 1) (the "Complaint"), and Defendants' Combined Answer To Debtor's Complaint Seeking Damages And For Sanctions filed by Defendants on February 28, 2013 (Docket No. 10) (the "Answer"), and being otherwise duly advised, now **GRANTS** the Motion in part and **DENIES** the Motion in part.

*Motion for Judgment on the Pleadings*

Defendants move the Court to enter judgment on the pleadings in their favor pursuant to Fed. R. Civ. P. 12(c), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7012(b). "In a motion for judgment on the pleadings, the court considers the pleadings alone, which consist of the complaint, the answer, and any written instruments attached as exhibits." Housing Auth. Risk Retention Group, Inc. v. Chicago Housing Auth., 378 F.3d 596, 600 (7th Cir. 2004) (internal citations omitted). "A court may 'take judicial notice of historical documents, documents contained in the public record, and reports of administrative bodies….' " 520 S. Michigan Ave. Assoc., Ltd. v. Shannon, 549 F.3d 1119, 1137 n.14 (7th Cir. 2008) (internal citations omitted).

In response to the Motion, Plaintiff goes beyond the Complaint and relies on two exhibits attached to the Response that were not attached to the Complaint: Exhibit A – a chain of email communications between Ghosh and counsel for Plaintiff; and Exhibit B – Ghosh's responses to Debtor's First Set Of Requests For Admissions To Michael Ghosh. These are not historical

documents, public records or administrative body reports of which the Court can take judicial notice. Accordingly, such reliance presents the Court with two options: (1) exclude the matters outside the pleadings and proceed with reviewing the Motion under Rule 12(c); or (2) treat the Motion as a motion for summary judgment under Fed. R. Civ. P. 56 and give all parties "a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7012(b).

Because Plaintiff did not request conversion of the Motion to a summary judgment motion in the Response, and Defendants did not seek alternative summary judgment relief in the Motion nor file a reply to the Response requesting conversion, the Court declines to treat the Motion as a summary judgment motion, excludes Exhibits A and B attached to the Response, and considers the merits of the Motion under Rule 12(c). See Gottlieb Mem'l Hosp. v. Sprinkmann Sons Corp., 474 F.Supp.2d 942, 945 n.3 (N.D. Ill. 2006).

*Standard of Review*

Rule 12(c) motions are reviewed under the same standard as Rule 12(b)(6) motions. *See Buchanan–Moore v. Cnty. of Milwaukee,* 570 F.3d 824, 827 (7th Cir. 2009) ("[A court] review[s] Rule 12(c) motions by employing the same standard that applies when reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6)."). …

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555–56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Tamayo v. Blagojevich,* 526 F.3d 1074, 1082 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), such that the defendant is given "fair notice of what the ... claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555 (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 677–78, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Second, the

> "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 570); *see also Tamayo,* 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal,* 556 U.S. at 678–79; *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009). Determining whether a complaint states a plausible claim for relief requires the Court to draw on its judicial experience and common sense. *Iqbal,* 556 U.S. at 679.

Trustees of Teamsters Union Local No. 142 Pension Trust Fund v. Cathie's Cartage, Inc., 2013 WL 2402990 at *2-3 (N.D. Ind. 2013).

Thus, in order for Plaintiff to withstand the Motion, the Court will consider whether the Complaint plausibly shows on its face that Plaintiff is entitled to relief and that Defendants were given fair notice of Plaintiff's claim and the grounds therefor.[1]

*11 U.S.C. § 362(k)*

Plaintiff has the burden of establishing the following elements by a preponderance of the evidence: "(a) A bankruptcy petition was filed; (b) The aggrieved debtor is an 'individual'; (c) The creditor had notice of the petition; (d) The creditor's actions were willful and violated the stay; and (e) The debtor is entitled to a form of relief provided by Section 362(k)." Kondritz v. The Univ. of Phoenix, Inc. (In re Kondritz), 2011 WL 2292292 at *4 (Bankr. S.D. Ind. 2011) (internal citations omitted). See also Galmore v. Dykstra (In re Galmore), 390 B.R. 901, 907 (Bankr. N.D. Ind. 2008); In re Gossett, 369 B.R. 361, 375 (Bankr. N.D. Ill. 2008). "For the violation to be 'willful', the creditor need only intend to commit the act that led to the violation;

---

[1] The procedural posture of the cases Defendants cite in the Brief for a different standard of review are distinguishable. Brief, p. 3. In Republic Steel Corp. v. Pennsylvania Eng'g Corp., the motion for judgment on the pleadings was treated as a motion for summary judgment. 785 F.2d 174, 178 (7th Cir. 1986). In Nat'l Fid. Life Ins. Co. v. Karaganis, it appears the court treated the motion for judgment on the pleadings as a summary judgment motion. 811 F.2d 357, 360 n.2 (7th Cir. 1987). In Flora v. Home Fed. Sav. and Loan Ass'n, the plaintiff-appellant did not appeal a grant of summary judgment for the defendants on the counterclaims, but rather contested the court's *sua sponte* dismissal of the entire action, which the Seventh Circuit said, although not designated as such, "in effect was a judgment on the pleadings." 685 F.2d 209, 210-11 (7th Cir. 1982). Thus, the Court declines to apply the standard of review cited by Defendants from those cases.

the debtor need not prove that the creditor specifically intended to violate the stay." Ralph v. Forum Credit Union (In re Ralph), 2010 WL 2594947 at *3 (Bankr. S.D. Ind. 2010) (citing Galmore, 390 B.R. at 907; Kline v. Tiedemann (In re Kline), 424 B.R. 516, 524 (Bankr. D. N.M. 2010)).

*Reasoning*

Plaintiff's allegations, taken as true, support the existence of each element of § 362(k) as to CHW.  (Complaint, ¶¶ 3, 5-6, 9-10, 12, 15, 17-18, 20-24.)  The Court finds that Plaintiff has met her burden of plausibly showing she is entitled to relief and that CHW had fair notice of her claims.  Therefore, the allegations can withstand judgment on the pleadings, and the Motion is DENIED as to CHW.

However, Plaintiff's showing is only sufficient as to CHW; it is not sufficient as to Ghosh.  In paragraph 12 of the Complaint, Plaintiff alleges CHW filed the motion for proceedings supplemental (the "Pro Supp") that gave rise to this adversary proceeding.  The Pro Supp, attached as Exhibit C to the Complaint, shows on its face that CHW petitioned the state court on its own behalf as the owner of the judgment it seeks to collect, not on behalf of Ghosh.

The allegations against Ghosh are found in Complaint paragraphs 13 and 24.  Complaint paragraph 13 states:  "A hearing on Ghosh's and CHW's motion for proceedings supplemental is scheduled for January 30, 2013 at 2 p.m."  Complaint paragraph 24 states:  "As a result, Ghosh's and CHW's actions and calculated efforts after the Petition Date, to apply pressure on the Debtor to pay the October 4, 2011 judgment by filing their Motion for Proceedings Supplemental, Order to Appear, Interrogatories, and seeking to garnish Debtor's assets violated the Automatic Stay in place under § 362."

These allegations against Ghosh are clearly contradicted by the plain language of the Pro Supp attached to the Complaint and thus are not plausible on their face.  Ghosh did not file the

Pro Supp, and CHW did not file the Pro Supp on Ghosh's behalf.  Thus, the Court finds that the allegations against Ghosh cannot withstand judgment on the pleadings, and therefore the Motion is GRANTED as to Ghosh.

Therefore, it is ORDERED, ADJUDGED and DECREED that:

Judgment on the pleadings shall be entered in favor of defendant Michael Ghosh.

The action against defendant Coots, Henke & Wheeler, P.C. will proceed to trial on November 6, 2013.

IT IS SO ORDERED.

# # #